IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| DANNY KEELER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-286-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| PORT OF PORT ORFORD, an Oregon municipal corporation, PERATROVICH, NOTTINGHAM & DRAGE, INC., a foreign corporation; LASKEY-CLIFTON, INC., an Oregon corporation; AURORA CRANE CORPORATION, a foreign corporation; and ALLIED POWER PRODUCTS, INC., an Oregon corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| PERATROVICH, NOTTINGHAM & DRAGE, Inc., a foreign corporation; and ALLIED POWER PRODUCTS, Inc., an Oregon corporation, | ) | |
| | ) | |
| Counter-Claimants, | ) | |



|  |  |
|---|---|
| vs. | ) |
|  | ) |
| PORT OF PORT ORFORD, an Oregon municipal corporation, | ) ) |
|  | ) |
|     Counter-Claim Defendant, Cross-Counter Claimant, and Third-Party Claimant. | ) ) ) |
|  | ) |
| vs. | ) |
|  | ) |
| LASKY-CLIFTON, INC., an Oregon corporation, | ) ) |
|  | ) |
|     Third-Party Defendant. | ) ) |

KING, Judge:

Plaintiff Danny Keeler's commercial fishing vessel was damaged when a public boat hoist at the Port of Port Orford ("Port") failed and dropped the vessel. Before the court are the Port's Motion for Partial Summary Judgment on Peratrovich, Nottingham & Drage's ("PND") and Allied Power Product's ("Allied") Claims for Indemnity and Contribution (#79), and PND's and Allied's Motions to Vacate Judgment (#85 and #92).

## FACTS

In the original Complaint, Keeler alleged admiralty and maritime claims against the Port for negligence, implied warranty, strict liability, and breach of contract.

On December 1, 2004, I granted summary judgment dismissing Keeler's claims alleged against the Port after I concluded that the indemnity clause in the Moorage Lease Application and Agreement was enforceable and barred Keeler's claims against the Port.

On June 6, 2004, I entered a Federal Rule of Civil Procedure 54(b) Judgment dismissing Keeler's claims against the Port.

**LEGAL STANDARDS**

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

**DISCUSSION**

I.  Indemnity and Contribution Claims

The Port moves to dismiss PND's and Allied's claims against it for common law indemnity and contribution. The Port argues that these claims are controlled by Oregon substantive law and not federal law. It argues that if the Port is not liable to Keeler, then neither PND nor Allied have a legal basis for asserting indemnity claims against the Port based on Keeler's claims against Allied or PND. Similarly, the Port contends that a claim for contribution runs against another party liable in tort. Since the Port is not liable in tort to Keeler, the Port contends that contribution claims cannot lie against the Port.

PND and Allied argue that the indemnity and contribution claims are controlled by federal admiralty law and not Oregon common law. They argue that the grant of summary judgment on

grounds wholly unrelated to the Port's fault or liability has no bearing on their indemnity and contribution claims. They note the difference between a holding based on the contractual indemnity clause, which was the basis for the Port's dismissal from Keeler's claims, and a finding that the Port was not negligent, which has not been made. Thus, PND and Allied argue that the Port overreaches by seeking to convert a contractual right to indemnity from Keeler into an absolute immunity from liability against all other parties' claims.

The first issue is whether this question is controlled by federal maritime law or Oregon common law. PND and Allied cite Vaughn v. Farrell Lines, Inc., 937 F.2d 953, 956 (4th Cir. 1991), for its holding that if a noncontractual right to indemnity arises out of the tortious conduct that is governed by maritime law, the indemnity claim is also a maritime claim. It looks like that rule would apply here but I do not believe that the parties have briefed the issue sufficiently for me to make a final determination. Thus, I will address both areas of law.

In a common law indemnity action, a plaintiff must prove that: (1) it discharged a legal obligation owed to a third party; (2) defendant was also liable to the third party because of a duty common to that owed by plaintiff; and (3) as between plaintiff and defendant, the obligation ought to be discharged by defendant. Moore Excavating, Inc. v. Consolidated Supply Co., 186 Or. App. 324, 328-29, 63 P.3d 592 (2003); Safeco Insurance Co. v. Russell, 170 Or. App. 636, 639-40, 13 P.3d 519 (2003). Under the second theory, "[t]here is no right of contribution from a person who is not liable in tort to the claimant." ORS 31.800(1).

When I previously concluded that the indemnity clause in the Lease was enforceable and barred Keeler's claims against the Port, I was not being precise in my language. Even if Keeler proved that the Port was at fault, the Port could have sued Keeler seeking complete

Page 4 - OPINION AND ORDER

indemnification. Thus, in the end, Keeler could not recover from the Port. To save the parties and the court the expense and time of traveling around this circle, I dismissed the claims. There was no decision, however, on whether the Port was negligent. I agree with PND and Allied that the decision on the claims between Keeler and the Port, even with the Judgment entered, does not mean that the second factor in a common law indemnity action, that the Port was liable to Keeler in the sense of being at fault for the damage occurring to Keeler's vessel, cannot be proven. The same analysis applies to the contribution claim. See Transport Indemnity Co. v. BB&S, Inc., 63 Or. App. 392, 664 P.2d 1115 (1983) (settlement in wrongful death action against bar operator and employer did not bar contribution claim by employer's insurer against the bar operator because the judgment of dismissal was entered solely based on the insurer settling the estate's claim as to all defendants without a determination on the merits that the bar operator was not liable in tort to the estate).

Under federal maritime law, the Port relies on McDermott, Inc. v. AmClyde, 511 U.S. 202, 217, 114 S. Ct. 1461 (1994), which held that the nonsettling defendants' liability should be calculated with reference to the jury's allocation of proportionate responsibility. Because we do not have settling defendants yet, I am not persuaded that McDermott supports the Port's argument.

Accordingly, I deny the Port's motion for partial summary judgment against PND's and Allied's indemnity and contribution claims.

II.   Federal Rule of Civil Procedure 54(b) Judgment

PND and Allied move to vacate the Judgment because the proposed Judgment was not served on them and there was no motion for entry of judgment. Thus, they argue that the Port

indemnification. Thus, in the end, Keeler could not recover from the Port. To save the parties and the court the expense and time of traveling around this circle, I dismissed the claims. There was no decision, however, on whether the Port was negligent. I agree with PND and Allied that the decision on the claims between Keeler and the Port, even with the Judgment entered, does not mean that the second factor in a common law indemnity action, that the Port was liable to Keeler in the sense of being at fault for the damage occurring to Keeler's vessel, cannot be proven. The same analysis applies to the contribution claim. See Transport Indemnity Co. v. BB&S, Inc., 63 Or. App. 392, 664 P.2d 1115 (1983) (settlement in wrongful death action against bar operator and employer did not bar contribution claim by employer's insurer against the bar operator because the judgment of dismissal was entered solely based on the insurer settling the estate's claim as to all defendants without a determination on the merits that the bar operator was not liable in tort to the estate).

Under federal maritime law, the Port relies on McDermott, Inc. v. AmClyde, 511 U.S. 202, 217, 114 S. Ct. 1461 (1994), which held that the nonsettling defendants' liability should be calculated with reference to the jury's allocation of proportionate responsibility. Because we do not have settling defendants yet, I am not persuaded that McDermott supports the Port's argument.

Accordingly, I deny the Port's motion for partial summary judgment against PND's and Allied's indemnity and contribution claims.

II.   Federal Rule of Civil Procedure 54(b) Judgment

PND and Allied move to vacate the Judgment because the proposed Judgment was not served on them and there was no motion for entry of judgment. Thus, they argue that the Port

indemnification. Thus, in the end, Keeler could not recover from the Port. To save the parties and the court the expense and time of traveling around this circle, I dismissed the claims. There was no decision, however, on whether the Port was negligent. I agree with PND and Allied that the decision on the claims between Keeler and the Port, even with the Judgment entered, does not mean that the second factor in a common law indemnity action, that the Port was liable to Keeler in the sense of being at fault for the damage occurring to Keeler's vessel, cannot be proven. The same analysis applies to the contribution claim. See Transport Indemnity Co. v. BB&S, Inc., 63 Or. App. 392, 664 P.2d 1115 (1983) (settlement in wrongful death action against bar operator and employer did not bar contribution claim by employer's insurer against the bar operator because the judgment of dismissal was entered solely based on the insurer settling the estate's claim as to all defendants without a determination on the merits that the bar operator was not liable in tort to the estate).

Under federal maritime law, the Port relies on McDermott, Inc. v. AmClyde, 511 U.S. 202, 217, 114 S. Ct. 1461 (1994), which held that the nonsettling defendants' liability should be calculated with reference to the jury's allocation of proportionate responsibility. Because we do not have settling defendants yet, I am not persuaded that McDermott supports the Port's argument.

Accordingly, I deny the Port's motion for partial summary judgment against PND's and Allied's indemnity and contribution claims.

II.   Federal Rule of Civil Procedure 54(b) Judgment

PND and Allied move to vacate the Judgment because the proposed Judgment was not served on them and there was no motion for entry of judgment. Thus, they argue that the Port

obtained a final judgment without notice as required under the rules. PND and Allied argue that entry of a final judgment on one claim against one party in this multiple party, multiple claim case was inappropriate because the claim is not severable from other claims and parties in the case. Essentially, they argue that Keeler's claims against the Port cannot be severed from their indemnity and contribution claims against the Port.

The Port contends that PND and Allied could not have been surprised by the judgment because of the phone conferences held on the topic. It also argues that because PND and Allied did not participate in the briefing for the Port's summary judgment motion against Keeler, they are in default in the motion proceedings and that under Rule 5(a), there is no need to serve a party in default.

I first decline to accept the Port's argument that there is no need to serve PND and Allied under Rule 5(a) because they are in default. The rules do not provide for a party to be in default only with respect to a single motion. Under Rule 55(a), a default occurs when a party fails to plead or otherwise defend. I expect all parties to serve all other parties as required under Rule 5 without exception.

That being said, I decline to vacate the Judgment. It was discussed in phone conferences on both April 21 and May 12, 2005. On May 12, I told Keeler's attorney to send in a new form of order for a 54(b) judgment and I would sign it. The Port's counsel actually submitted the proposed Judgment and I entered it on June 6. As far as I know, neither Allied nor PND objected to this type of judgment being entered before then. I conclude that PND and Allied had adequate notice prior to entry of the Judgment.

More importantly, however, I still believe that Keeler's claims against the Port are severable from the indemnity and contribution claims, as I explained above. Thus, I conclude that entry of the judgment was acceptable under Rule 54(b).

## CONCLUSION

Port's Motion for Partial Summary Judgment on Peratrovich, Nottingham & Drage's ("PND") and Allied Power Product's ("Allied") Claims for Indemnity and Contribution (#79) is denied. PND's and Allied's Motions to Vacate Judgment (#85 and #92) are denied.

IT IS SO ORDERED.

Dated this  27th  day of September, 2005.

       /s/ Garr M. King
      Garr M. King
      United States District Judge